IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Jackie Koon,**

        **Plaintiff,**

v.                                           Case No. 16-cv-2605-JWL

**AstraZeneca Pharmaceuticals LP and**
**AstraZeneca LP,**

        **Defendants.**

### MEMORANDUM & ORDER

Plaintiff filed this lawsuit against defendants alleging that he suffers from end-stage renal disease as a result of defendants' unlawful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distributing, labeling and sale of Prilosec, a proton pump inhibitor (PPI) used to treat gastroesophageal reflux disease and other peptic disorders. Specifically, plaintiff has asserted claims for products liability, negligence, fraud and breach of express and implied warranties. This matter is presently before the court on defendants' motion to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b) (doc. 24). As will be explained, the motion is denied.[1]

---

[1] Defendants have asked the court to strike plaintiff's response to the motion to dismiss (and grant the motion as unopposed) because that response was signed and filed by pro hac vice counsel rather than by local counsel as required by the local rules of this court. *See* D. Kan. 5.4.2(c)(2) (counsel admitted pro hac vice not permitted to file electronically); 5.4.2(c)(3) (local counsel must sign all pleadings and papers filed); & 83.5.4(c) (pleadings and papers signed by pro hac vice counsel must also be signed by member of the bar of this court in good standing). The request is denied. Local counsel has fully and adequately explained her failure to file and sign the response and has asked to be excused for it. Moreover, the purpose underlying these rules—to keep local counsel informed about proceedings to which her name and reputation are attached—was clearly satisfied here, as local counsel indicates that she was actively involved in

*Pleading Requirements*

The court will grant a motion to dismiss for failure to state a claim when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id*. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To overcome a motion to dismiss, then, a plaintiff's allegations must move from conceivable to plausible. *United States ex rel. Lemmon v. Envirocare of Utah, Inc*., 614 F.3d 1163, 1167 (10th Cir. 2014).

For a fraud claim, the pleading standard is higher: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff, then, must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *George v. Urban Settlement Servs*., 833 F.3d 1242, 1254 (10th Cir. 2016).

---

drafting the response. In such circumstances, and in the absence of any prejudice to defendants, the court declines to grant defendants' motion as a sanction for what is clearly a one-time, excusable violation of the rules.

*Statute of Limitations*

Defendants first move to dismiss all of plaintiff's claims on the grounds that the claims are barred by the two-year statute of limitations set forth in K.S.A. § 60-513(a). According to defendants, plaintiff alleges in his complaint that he consumed Prilosec "through 2013," which suggests that he developed kidney disease no later than December 31, 2013 and renders the August 31, 2016 filing of his complaint untimely. In response, plaintiff invokes the "discovery rule" under which his cause of action accrues not at the time of injury but when the act giving rise to the injury becomes reasonably ascertainable. Plaintiff acknowledges that he has failed to plead the date upon which he discovered the connection between his injury and defendants' conduct, but he asserts that the complaint, as a whole, supports the conclusion that he did not discover the connection until "well after" he was diagnosed with his injury.

At the core of the parties' argument is a threshold dispute about the extent to which a plaintiff must plead facts to show that his claims are timely. Defendants, citing *Ames v. Uranus*, Inc., 1993 WL 106896 (D. Kan. Mar. 17, 1993), urge that plaintiff must plead facts showing that his claim is timely, including allegations as to the specific date he discovered the cause of his injury and the date on which that discovery was reasonably ascertainable. Plaintiff, on the other hand, contends that dismissal is appropriate only when it appears on the face of the complaint that the claims are time-barred. The court rejects the defendants' position as "contrary to more recent Supreme Court cases which generally hold against special pleading rules for particular types of cases and that do not require that plaintiffs plead facts to negate affirmative defenses, such as the statute of limitations." *See National Credit Union Admin. Bd. v. Credit Suisse Securities (USA) LLC,* 939 F. Supp. 2d 1113, 1120 (D. Kan. 2013) (citing cases). As this court

3

stated in *Credit Suisse*, it believes the more appropriate approach is one which permits the defendant "to raise the defense of statute of limitations on a motion to dismiss when the complaint reveals on its face that the suit is time-barred, and on a summary judgment motion when it does not." *Id*. Plaintiff alleges in his complaint that he consumed Prilosec through 2013; that "recent studies" have associated long-term use of PPIs with a higher risk of chronic kidney disease; and that defendants concealed their knowledge that Prilosec causes a significantly increased risk of chronic kidney disease. Thus, because it is not clear from the dates given in the complaint that the right sued upon has been extinguished, the court denies defendants' motion on this issue.

*Causation*

Defendants next assert that dismissal is appropriate because the complaint contains insufficient factual allegations regarding causation. According to defendants, plaintiff alleges only that he developed kidney disease after consumption of Prilosec and that PPIs are generally known (through observational studies) to correlate to kidney injuries. Defendants contend that these allegations are insufficient to establish that defendants' product caused plaintiff's injury. Plaintiff, in response, contends that defendants' argument relies almost entirely on cases at the Rule 56 stage and that defendants' argument improperly conflates plaintiff's burden at the summary judgment stage with plaintiff's obligation at the pleading stage. The court agrees. The complaint adequately alleges that plaintiff's injuries resulted from plaintiff's long-term consumption of Prilosec; that defendants failed to disclose to plaintiff, plaintiff's physician, and

4

the public known defects in Prilosec; and that defendants misrepresented to plaintiff, plaintiff's physician and the public that Prilosec was safe for its intended use.

Moreover, even defendants seem to concede that plaintiff has the better of this argument. In their reply, defendants have significantly narrowed their causation argument, contending only that the allegations in the complaint are deficient because plaintiff has failed to identify whether he took Prilosec by prescription or in its over-the-counter formulation, or whether he used the brand or generic formulation. This argument is rejected. Plaintiff alleges in his complaint that he consumed Prilosec and that Prilosec was marketed and sold by defendants. He further identifies Prilosec by the National Drug Code (NDC) numbers assigned to it. These allegations plausibly suggest that plaintiff consumed the specific drug manufactured and sold by defendants—the prescription brand Prilosec, as opposed to some variation not manufactured and sold by defendants (over-the-counter Prilosec or a generic version of Prilosec). Defendant's motion to dismiss based on plaintiff's failure to plead causation is denied.[2]

*Fraud*

Lastly, defendants assert in broad terms that plaintiff has failed to meet the heightened pleading standard for fraud claims. This argument, too, is rejected. Plaintiff has alleged that

---

[2] In summary fashion, defendants identify numerous other alleged pleading deficiencies in the complaint, including plaintiff's failure to identify his prescribing physician; failure to identify the contents of the directions he followed when consuming Prilosec; failure to identify the cause and length of his treatment; failure to identify the actual dates of his treatment; and failure to identify the specific type of renal injury sustained. In the absence of any case law suggesting that this level of specificity is required, the motion is denied. The court also rejects defendants' argument—made for the first time in their reply brief—that plaintiff has not alleged "essential facts" supporting his product liability claims. *See Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013) (court does not consider arguments raised for the first time in reply brief).

defendants, through reports, press releases, advertising campaigns, television commercials, print ads, direct-to-consumer advertising and the product's label, represented that Prilosec was safe and effective for its intended use. Plaintiff alleges that these representations were false and were made with knowledge that Prilosec can cause kidney injuries—knowledge that defendants concealed from plaintiff, the medical community and the public at large. Plaintiff alleges that he and his treating physicians reasonably relied on defendants' representations in using Prilosec and that, had plaintiff and/or his physicians known the true facts, plaintiff would not have used Prilosec. Finally, plaintiff alleges that these misrepresentations and omissions occurred prior to and throughout his use of Prilosec, from 2010 through the end of 2013. Plaintiff, then, has set forth the "time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016). No more is required at this stage.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss plaintiff's complaint (doc. 24) is denied.

**IT IS SO ORDERED.**

---

[3] Defendants raise additional challenges to plaintiffs' fraud claims for the first time in their reply brief that the court will not address, *see Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013), including plaintiff's purported failure to plead that his ignorance was not the result of his own lack of diligence; plaintiff's failure to plead that his physician, with diligence, could not have had knowledge of the concealed facts; and plaintiff's failure to allege anything beyond public dissemination of misleading information.

Dated this 15th day of February, 2017, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge